# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Leonard Deron Seamon, | Case No. 23-CV-2025 (NEB/DLM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota; Minnesota Department of Corrections; Paul Schnell, Commissioner, Official Capacity; Brian Collins, MCF – Moose Lake – Willow River Warden – Official Capacity; and Hennepin County District Court, | |
| Respondents. | |

Petitioner Leonard Deron Seamon was convicted after a jury trial in state court of drug offenses and driving while impaired. *See State v. Seamon*, No. 27-CR-21-14431 (Minn. Dist. Ct.). Mr. Seamon has now filed a petition for a writ of habeas corpus challenging those convictions on multiple grounds, including that the state court lacked jurisdiction over him "as a living private man." (Doc. 1 at 3.) Mr. Seamon's habeas petition is now before the Court on review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. After review, this Court concludes that Mr. Seamon has failed to exhaust state-court remedies for his claims and that the petition should be dismissed accordingly.

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state

1

courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 843 (1999); *see also* 28 U.S.C. § 2254(b)(1). This "fair opportunity" requires the invocation of "one complete round of the State's established appellate review process." *Id*. at 845.

Mr. Seamon did not file a direct appeal from his conviction, and therefore the appellate courts of the State of Minnesota were never afforded a fair opportunity to adjudicate the merits of Mr. Seamon's claims. There is no obvious reason that Mr. Seamon could not have raised his claims for relief on direct appeal. *Cf. Yennie v. Bartsh*, No. 19-CV-0565 (PJS/SER), 2019 WL 2029513, at *2 n.3 (D. Minn. Apr. 16, 2019) (noting that "the mere fact that [petitioner] raises a jurisdictional argument does not itself let him avoid § 2254(b)(1)(A)'s exhaustion requirement.). Nor has Mr. Seamon presented his claims to the Minnesota appellate courts through any other procedural vehicle, such as a petition for post-conviction review. Until he does so, § 2254(b)(1) serves as an obstacle for federal habeas review of Mr. Seamon's convictions.

Accordingly, this Court recommends that Mr. Seamon's petition for a writ of habeas corpus be dismissed without prejudice for failure to exhaust. Because the basis upon which dismissal is recommended does not appear to be fairly disputable, it is further recommended that Mr. Seamon not be granted a certificate of appealability. *See* 28 U.S.C. § 2253(c).

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Leonard Deron Seamon (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

2. No certificate of appealability be issued.

Dated: July 12, 2023                             __s/Douglas L. Micko_____
                                                 Douglas L. Micko
                                                 United States Magistrate Judge

### NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).