# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

LEONARD DERON SEAMON,            Case No. 23-CV-2025 (NEB/DLM)

Petitioner,

ORDER ACCEPTING REPORT AND RECOMMENDATION

v.

STATE OF MINNESOTA,

Respondent.

Leonard Deron Seamon petitions for a writ of habeas corpus under 28 U.S.C. § 2254 in connection with his state-court conviction. Seamon challenges his conviction on numerous grounds, including that the state court lacked jurisdiction over him "as a living private man." (ECF No. 1 at 3.) In a Report and Recommendation, United States Magistrate Judge Douglas L. Micko recommends denying Seamon's petition for failing to exhaust state-court remedies and dismissing this action without prejudice. (ECF No. 6 ("R&R").) Seamon objects to the R&R. (ECF No. 8 (Obj.).) Because Seamon is proceeding *pro se*, the Court construes his objections liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Based on a *de novo* review, the Court overrules Seamon's objection and accepts the R&R.

*Exhaustion of state-court remedies.* Under Section 2254, habeas petitioners must first exhaust their state-court remedies before seeking relief from federal courts, providing the state courts the opportunity to consider and correct alleged violations of federal rights.

28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To exhaust his claims, a petitioner must "fairly present" his claim in each appropriate state court, including the state's supreme court with discretionary review. *Baldwin*, 541 U.S. at 29 (citing *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). This alerts the state courts of the federal nature of the claim. *Id.*

Seamon failed to exhaust his federal habeas claims in state court as required under Section 2254. In his objection, Seamon claims for the first time that he filed a direct appeal with the Minnesota Appellate Public Defender's Office. (Obj. at 2.) Because Seamon failed to raise this argument before Judge Micko, the Court need not consider it. *Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (concluding that a party cannot raise new arguments in an objection to an R&R). Even so, there is no indication in the record or in publicly available state-court records that a direct appeal was filed.[1] (R&R at 2.) Under these facts, this Court cannot conclude that Seamon's claims have been fairly presented to the Minnesota Court of Appeals or the Minnesota Supreme Court. Nor does Seamon assert that he presented his claims to the Minnesota appellate courts through another procedural vehicle, such as a petition for a post-conviction

---

[1] In an order denying Seamon's post-conviction motion, the state district court noted that Seamon submitted two letters after he was convicted alleging that his rights were violated. *State v. Seamon*, No. 27-CR-21-14431, at *2 n.1 (Minn. Dist. Ct. Sept. 7, 2023). Neither the State nor the court responded to the letters because it was unclear whether Seamon sought any specific relief. *See id.* The letters were forwarded to the Minnesota Appellate Public Defender's Office for their review, which requested and received access to them, but no further action was taken by the office. *Id.*

2

review. (*Id.*) On this record, the Court concludes that Seamon has failed to exhaust and thus cannot proceed unless he can show a valid excuse from the exhaustion requirement.

*Exceptions to failure-to-exhaust requirement.* Under Section 2254, federal courts may consider a habeas petition despite a petitioner's failure to exhaust state court remedies when: "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)–(ii). The petitioner bears the burden to show that one of these "exceptional circumstances" existed. *Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998).

Seamon argues that the Court should excuse him from the exhaustion requirement because the state court lacked jurisdiction over him. (ECF No. 1 at 3.) Even if Seamon were correct—and his petition cites no evidence to believe that he is—"Minnesota appellate courts remain fully capable of determining the scope of the state's jurisdiction over criminal offenses." *King v. Minnesota*, No. 17-CV-5196 (SRN/TNL), 2018 WL 4443169, at *2 n.4 (D. Minn. Mar. 19, 2018). Seamon cannot claim an "absence of available State corrective process" to hear his jurisdictional argument. *See id.* (citing 18 U.S.C. § 2254(b)(1)(B)(i)).

Seamon also fails to show how circumstances rendered the process ineffective to protect his rights. 28 U.S.C. § 2254(b)(1)(B)(ii). Seamon asserts that he attempted to appeal his conviction through the Minnesota Appellate Public Defender's Office, but the office

3

apparently never followed up. (Obj. at 2.) As noted above, his argument is unsupported by the record. Seamon had an opportunity to seek redress on all claims in state court with his appeal and he provides no evidence suggesting otherwise. His status as a *pro se* litigant does not excuse compliance with the state's procedures for filing an appeal. *See Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."). Seamon is not excused from the statutory requirement to exhaust state-court remedies before seeking habeas relief. For these reasons, the Court overrules Seamon's objection and accepts the R&R.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Seamon's Objection (ECF No. 8) is OVERRULED;

2. The Report and Recommendation (ECF No. 6) is ACCEPTED;

3. The Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED;

4. The action is DISMISSED WITHOUT PREJUDICE; and

5. No certificate of appealability be issued.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 16, 2023         BY THE COURT:

                                                          s/Nancy E. Brasel
                                                          Nancy E. Brasel
                                                          United States District Judge